**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert Vernon HOLMES, Defendant-Appellant.**

**No. 52169.**

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Albert J. Stephan, Jr., Special Asst. Atty. Gen., St. Louis, for respondent.

Stewart & Bruntrager, Raymond A. Bruntrager, Joseph G. Stewart, St. Louis, for appellant.

WELBORN, Commissioner.

Robert Vernon Holmes was charged by indictment in the St. Louis Circuit Court with stealing more than $50 by deceit. Upon trial, a jury returned a verdict of guilty. The defendant was sentenced to six months' imprisonment and a fine of $1,000 was imposed. This appeal followed.

The appellant operated an automobile leasing business in the City of St. Louis. Purchases of the leased vehicles were financed through the Jefferson Bank and Trust Company. On February 20, 1963, he presented to the loan officer of the bank two purported invoices for new cars purchased by Holmes from Geo. Pappas Ford Center, Inc. In accordance with its practice in prior transactions the bank loaned Holmes $2,500 on each vehicle and $5,000 was transferred by the bank to the Holmes account. The Holmes account was reduced by withdrawals to twelve cents by March 13, 1963. When demands for titles to the two vehicles

were nonproductive and after default on the loans, an investigation by the bank revealed that the two vehicles purportedly covered by the invoices were nonexistent. At the trial, representatives of Pappas Ford stated that the invoices presented to the bank had not been prepared by Pappas. Representatives of the Ford Motor Company testified that their company had not manufactured vehicles with the serial numbers shown on the invoices.

On this appeal appellant does not question the sufficiency of the evidence to support the conviction. All assignments of error relate to ruling by the trial court on evidentiary questions at the trial. The first two objections are related and will be considered together.

The bank's installment loan officer who dealt with Holmes testified that he had thirty-one transactions with the appellant. In what was obviously an effort to disprove the element of reliance upon the two bogus invoices here involved, defense counsel on cross-examination asked whether or not the bank had ever advanced money to Holmes without requiring invoices. The officer explained that he recalled two such instances. On redirect examination, the officer testified that one of the two transactions to which he referred involved a $2,500 loan, in April, 1961, to a Miss Delores Patton, on which Holmes was a co-signer. The second was a $2,500 loan in April, 1962, to Holmes and was not a leasing company transaction. The state was permitted to introduce the bank's ledger record of these loans, on each of which there had been a default and an unpaid balance at the time of the trial of Holmes.

■ On this appeal, appellant contends that evidence of these transactions was irrelevant to any issue in the case and was highly prejudicial to the appellant. However, it is obvious that this area was opened by the appellant's counsel. He sought to discredit the claimed reliance upon the invoices as inducing the loans. Perhaps somewhat excessive details of the

transactions were presented in rebuttal. However, appellant's counsel sought details by such inquiries as to whether or not there was an unpaid balance on these loans. This situation is controlled by the rule which precludes a defendant from asserting error on the basis of the state's presentation of evidence to clarify or explain matter brought into the case by the defendant's own questions. State v. Hermann, Mo.Sup., 283 S.W.2d 617, 620 [6, 7]; State v. Crocker, Mo.Sup., 275 S.W.2d 293, 296 [1, 2].

Appellant's next two assignments of error are related. One of the invoices presented to the bank on February 20, 1963 described the vehicle which it purported to cover as bearing serial number 3Z62K-107991. In the course of the subsequent investigation by the bank, the person conducting the investigation wrote the letter "F" over the letter "K." The reason for the change was not shown. The Ford Motor Company had not manufactured a vehicle with the serial number shown, containing the letter "K." A vehicle had been manufactured with the serial number which the substitution of the letter "F" produced. The vehicle with that number did not fit the vehicle otherwise described in the invoice. Testimony of Ford Motor Company representatives was that the vehicle with the "F" number was not delivered to Pappas Ford. In an effort further to trace the ownership of the vehicle with the "F" number, an auditor for the Motor Vehicle Registration Division of the Department of Revenue was called to testify concerning the records of that office relating to the vehicle.

The auditor, Frank Haggarty, testified that title registration records of the Motor Vehicle Unit were kept under his supervision. He produced several documents two of which are the subject of the appellant's objections. Marked as an exhibit was a certification form, executed by the Supervisor of Motor Vehicle Registration. The certification was to the effect that the annexed pages constituted a true copy of "application for Missouri title number

1923380 in the name of John Lue, 614 East Lafayette, Mexico, Missouri, covering a 1963 Ford Galaxie 500, four-door, with an identifcation number 3Z62F107991."

According to the witness, he had brought the certificate affixed to a photostatic copy of an application for title. Apparently the two documents became separated and they were identified and offered in evidence separately.

The witness was asked to read the certificate and, over objection, he did so. Subsequently, at the close of the state's case, when the document bearing the certificate was offered in evidence, the court excluded it on appellant's objection, but refused to instruct the jury to disregard the evidence in the form of the reading of the certificate.

The photostatic copy of the application for title was introduced into evidence over appellant's objection.

On this appeal, appellant assigns error in the court's ruling on his objections. The basis of error here assigned is that there was no proper foundation for the admission of what appellant describes as the secondary evidence contained in the certificate or the copy of the title application because the absence of the original application had not been accounted for.

■ The rule which appellant relied upon is not here applicable. By law, applications for motor vehicle titles are required to be filed with the Department of Revenue, § 301.190, RSMo 1959, V.A.M.S., and kept as official records, § 301.350, RSMo 1959, V.A.M.S. "A copy of a public paper required to be filed, certified by the officer intrusted with its custody, is admissible in evidence if the original is admissible." State v. Worden, 331 Mo. 566, 56 S.W.2d 595, 598 [8–10]; State v. Tarwater, 293 Mo. 273, 239 S.W. 480, 482. Here the certification and the document to which it applied had become separated. However, the witness identified the certification as applicable to the copy of the application. The

witness also testified, as custodian of the file, that the offered photostat was a true copy of the filed application. The document was admissible as was the certification applicable to it. No error resulted from the court's permitting the certificate to be read and the subsequent admission of the copy of the application.

Appellant's next assignment of error relates to the introduction into evidence of enlarged reproductions of the bank's microfilm copies of six checks drawn on the Holmes Leasing Company account and signed by the appellant. The checks involved purport to have been drawn by appellant between February 22, 1963 and March 8, 1963, for a total of $281.50. Appellant's objection is that the copies introduced were secondary evidence presented without accounting for the original documents.

A similar contention was advanced in United States v. Manton, 2 Cir., 107 F.2d 834, 844 [12]. In passing upon it, the court stated:

"The trial court over objection admitted in evidence what are called recordak facsimiles of checks. The objection made to this ruling of the court is that such facsimiles do not constitute the best evidence. These recordaks are photostatic reproductions of the face of checks which have been paid; and they were offered as evidence of such payments. It is argued that the original checks themselves were the best evidence and that their absence should have been accounted for as a prerequisite to the admission of the recordaks. With this contention we cannot agree. These recordaks are made and kept among the records of many banks in due course of business and are within the words of 28 U.S.C. § 695, 28 U.S.C.A. § 695. Their accuracy is not questioned. They represent, in the course of a year, perhaps millions of transactions. No one at all familiar with bank routine would hesitate to accept them as practically conclusive evidence. As proof of payment, they constitute not secondary but primary evidence."

28 U.S.C.A. § 695 (now 28 U.S.C. A. § 1732) is substantially the same as our § 490.680, RSMo 1959, V.A.M.S. In addition we also now have § 362.413, RSMo 1965 Cum.Supp., V.A.M.S., especially applicable to the reproduction of bank records. Under such statutory provisions, the reasoning in United States v. Manton, supra, is here applicable and the assignment of error is without merit.

In addition, in this case, when the matter of production of the checks first arose, some four days before the actual introduction of the copies, the appellant's attorney advanced the suggestion that the bank's microfilm copies of them be produced, a suggestion which the state accepted and followed.

Appellant's final assignment of error relates to the introduction of evidence of other transactions in which the appellant produced bogus invoices and received loans in reliance upon them.

The bank had some thirty-one transactions with Holmes in which it advanced loans on the security of automobiles purportedly leased by Holmes. In addition to the two loans on which the charge in this case was based, the state was permitted to show that, on or about November 15, 1962, two bogus invoices were produced by Holmes, upon which loans were made and another such transaction occurred on or about December 13, 1962. The state went into some detail to show that the invoices were bogus and also showed the balance unpaid on the notes.

In his brief here, appellant acknowledges that the rule that the state may not present evidence of separate and distinct crimes other than that for which the defendant is being tried is subject to certain well-recognized exceptions. Appellant cites State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, where those exceptions are stated as follows (l. c. 307): " 'Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial.' " Here, the other transactions had important bearing upon the proof of intent. This is the type of case in which similar transactions are particularly relevant on the issue of intent. The fact that such other transactions involved criminal acts does not render this proof inadmissible. State v. Jackson, 112 Mo. 585, 20 S.W. 674, 676; State v. Hotsenpiller, 359 Mo. 1031, 224 S.W.2d 1014, 1017 [3, 4]; State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198, 204 [9, 10]; State v. Gilpin, Mo., 320 S.W.2d 498, 501–502 [1]; State v. Niehoff, Mo., 395 S.W.2d 174, 180 [4, 5]; State v. DeClue, Mo., 400 S.W. 2d 50, 55 [9, 10].

We find no error in matters of record examined pursuant to Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court. All of the Judges concur.