**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Leroy BAITY, Defendant-Appellant.**

No. 34626.

Missouri Court of Appeals,
St. Louis District.

April 17, 1973.

Daniel V. O'Brien, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., Paul A. Britt, Asst. Pros. Atty., Clayton, Charles R. Merz, Asst. Pros. Atty., Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

WEIER, Acting Presiding Judge.

Defendant was found guilty of the offense of drawing and delivering an "insufficient funds" check in the amount of $645.00 in violation of Section 561.460, RSMo 1969, V.A.M.S. Because this check exceeded the sum of $100.00, the amendment to this section, Laws of Mo.1963, p. 684, Section 1, made the offense a felony punishable by imprisonment up to a term of five years. Defendant's punishment was fixed by the jury at imprisonment for three years and he has appealed from the ensuing judgment.

In late February or early March 1970, the defendant demonstrated and agreed to sell to the complaining witness, Robert Phillips, a 1965 Mustang automobile. At the time of demonstration, the automobile engine did not function properly. Defendant and Phillips arrived at an agreement whereby Phillips was to pay defendant the sum of $645.00 and after the defendant repaired the automobile, it was to be delivered to Phillips, at which time Phillips would pay defendant the balance. Phillips thereupon endorsed and delivered to defendant a bank draft in that sum. Within a few days the defendant called Phillips and informed him that the automobile was not saleable in its present condition. He thereafter met Phillips in St. Louis County and at that time defendant gave Phillips a check to repay the $645.00. Upon presentation on three different occasions to the bank on which the check was drawn, it was returned marked "insufficient funds". The ledger sheets of the bank reveal that at no time did defendant have sufficient funds in his account to cover the amount of the check.

The defendant's first contention of error is directed to the failure of the indictment to state the essential facts of the crime because there was a fatal variance in the proof from the allegation in the indictment that the check was made, uttered and delivered for a valuable consideration, to-wit: cash. Essentially this same contention is directed to the principal verdict directing instruction on behalf of the State for the reason there was no evidence to support the required finding of that instruction with respect to a payment for cash. These contentions center around the fact that the original obligation of defendant to repay Phillips was created when Phillips endorsed and delivered to defendant a bank draft which in turn had been given him by an insurance company. His contention on appeal is that there was no evidence that the draft was ever cashed; and therefore the evidence is lacking that defendant had received cash in repayment of which he had given his check.

In State v. Gilpin, 320 S.W.2d 498, 502[5] (Mo.1959), it was pointed out that in prosecutions for paying money by false pretenses, the allegation that the defendant obtained "lawful money" has been held to be sufficiently proved by a showing that a check was given upon which cash was received. To avoid the application of this rule in the instant case, defendant submits first that the draft given defendant by Phillips was not a check and hence could not be considered cash; and secondly, there was no evidence the draft tendered by the complaining witness was ever honored or exchanged by its original maker and defendant received cash as charged in the indictment. As defined by Section 400.3–104, RSMo 1969, V.A.M.S., a draft or bill of exchange, as well as a check, is defined as a negotiable instrument. Comment 1 following this section states that any writing, to be a negotiable instrument within the meaning of this article, must be payable in money. Since the draft received by Baity was negotiable under the law, absent dishonor, he could have re-

ceived money for it at his demand. There was no direct testimony showing that he actually received the money, but there was ample circumstantial evidence that could have led the jury to find and infer that he did. Defendant did not return the draft to Phillips, but instead gave him a check in the exact amount. After the prosecution commenced, defendant repaid Phillips on the insufficient funds check the total sum of $150.00. From such circumstances the jury could at least infer that the defendant had received cash for the draft which Phillips had endorsed over to him.

Error is also contended by defendant in the admission of bank ledger sheets because of improper identification. Identification to connect the records with the defendant is presumed upon a showing that the records were in the defendant's name. The identity of names is prima facie evidence sufficient to establish the identification of the accused with the records. State v. Cook, 463 S.W.2d 863, 868[6–8] (Mo.1971); State v. Woods, 274 Mo. 610, 204 S.W. 21, 23[6] (1918). Furthermore, the check was here drawn upon the account of Leroy or Inez Baity. The records produced by the bank officer included the personal account of Leroy Baity and Inez Baity. This is the account on which the check in the amount of $645.00 was returned from the bank marked "insufficient funds". At that time, the account had forty-eight cents in it. Under these facts there could be little doubt as to the identity of the defendant with the bank account about which the bank officer testified.

Defendant also raises a question as to the admissibility of the bank ledger sheets in evidence on the grounds that they were not properly identified as business records. The vice-president of the bank on which the check was drawn testified that he was the custodian of the ledger records; that the ledgers were kept in the ordinary course of business; that they were prepared at or near the time of the event;

that they were prepared by a computer; that they were posted daily; and that they contained the personal account records and the business account records of Leroy Baity. This testimony was sufficient to qualify the exhibits under Section 490.680, RSMo 1969, V.A.M.S. (Business Records Act). The trial court is given large discretion in its determination of whether the statutory requirements for admission of the business records have been satisfactorily complied with. State v. Durham, 418 S.W.2d 23, 30[17] (Mo.1967). Here the record does not indicate that the court abused its discretion in admitting these records.

Further objection was made to the records on the grounds that there was no showing as to their preparation nor to an accurate representation of what they purported to represent as photographs of the originals. Evidence as to preparation has previously been discussed. The contention as to accurate representation was not raised in the motion for new trial. This contention, furthermore, is laid to rest by the provisions of Section 362.413, RSMo Supp.1971, V.A.M.S., which provides that reproductions shall be deemed an original bank record for all purposes and are admissible in evidence whether the original is in existence or not. State v. Holmes, 419 S.W.2d 15, 19[4] (Mo.1967). When the bank official identified the exhibit as a copy of the ledger sheet, that was sufficient.

Another allegation of error raised by defendant is that the records of the defendant's accounts at the bank should not have been submitted because they contained evidence of other crimes. It is true that generally evidence of other crimes is not admissible. State v. Hancock, 451 S.W.2d 6, 8[1] (Mo.1970). However, an exception to this rule is that evidence of other crimes is competent evidence to prove the specific crime charged when it tends to show intent or absence of mistake. These and other exceptions are set forth in State

v. Wing, 455 S.W.2d 457, 464[10] (Mo. 1970). Section 561.460, RSMo 1969, V.A. M.S., under which Baity is here charged, prohibits the drawing, uttering or delivering, with intent to defraud, any check for payment of money, knowing at the time of such making, drawing, uttering or delivering the maker or drawer has not sufficient funds in or credit with the bank for the payment of the check. Here the ledger sheets of the defendant's account showed many checks had been returned for insufficient funds and also at no time did the defendant have sufficient funds to cover the check to Phillips. Thus the records did have a bearing on the proof of intent and were admissible even though they contained evidence of other criminal acts. In State v. Kaufman, 308 S.W.2d 333, 340[11] (Mo.App.1957), we held that the admission of evidence of another check other than the one on which the charge of insufficient funds was based assisted in determining the defendant's intent to defraud and his knowledge of the insufficiency of his credit with the drawee bank. So also in State v. McWilliams, 331 S.W.2d 610, 612[2] (Mo.1960), where defendant was prosecuted under Section 561.450, RSMo 1969, V.A.M.S. (a companion statute which prohibits obtaining money from another person by means of a false or bogus check with intent to cheat and defraud, drawn on a bank in which the drawer of the check knows he has no funds), the court noted that one of the elements of the offense was the intent with which the check was given and therefore proof of other checks or similar transactions was admissible upon that issue. This point is ruled against the defendant because it has no merit.

Defendant challenges the admission of photographic reproductions of the insufficient funds check, the basis for this prosecution. These exhibits were produced at defendant's request. The contention that there was error in their admission was not raised in the motion for new trial. This point, even if it had merit, was not preserved for our consideration.

We turn now to the contention that the court erred in admitting State's Exhibit No. 1, the check uttered by defendant, because the chain of possession of that exhibit was not shown. As contended by defendant, the purpose of requiring a chain of possession is to prevent tampering or alteration of exhibits or any substitution of the exhibits. State v. Rose, 428 S.W.2d 737, 740[3] (Mo.1968). But this rule does not require that some witness must have kept the tangible evidence in his possession or his constant sight. The State is not required to account for hand to hand custody of papers between the time of arrest and trial date. State v. Watson, 386 S.W.2d 24, 30[11] (Mo.1964). Here the check was identified by Phillips as the one given to him by appellant. The check had gone through normal banking procedures before being returned to Phillips and then remained in Phillips' possession until trial. The check was positively identified. This evidence was sufficient to satisfy the chain of possession requirement.

Finally, defendant contends that the trial court erred in not declaring a mistrial based upon the prosecuting attorney's remark that defendant was a "cheat" and a "crook". The determination of whether to call a mistrial as a result of the prosecutor exceeding the limits of legitimate argument rests largely within the discretion of the trial judge who observed the incident and can best gauge its prejudicial effect upon the jury. An appellate court will only interfere when it is determined that the trial court has abused its discretion by refusing to declare a mistrial. State v. Raspberry, 452 S.W.2d 169, 173[7–11] (Mo.1970). In the instant case, when the incident occurred, defendant did not ask for a mistrial. Objection was merely made to the prosecutor's language. No request was made for a mistrial and hence error in failing to grant one cannot now be claimed.

The judgment is affirmed.

CLEMENS and McMILLIAN, JJ., concur.