STATE of Missouri,
Plaintiff-Respondent,

v.

Randy J. KNIGHT,
Defendant-Appellant.

No. 13972.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 20, 1986.

Dan K. Purdy, Osceola, for defendant-appellant.

William L. Webster, Atty. Gen., Christine M. Szaj, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Presiding Judge.

This is another cattle-rustling case. A jury found defendant Randy J. Knight guilty of stealing without consent by appropriating one 2-year-old springer in violation of § 570.030.3(3)(h), RSMo Supp.1983. The trial court found defendant to be a prior offender within the meaning of § 558.016, RSMo Supp.1984 and assessed his punishment at imprisonment for a term of 7 years as authorized by § 558.011.1(3), RSMo Supp.1984.

Omer Shoemaker farmed 160 acres near Osceola in St. Clair County. He owned the heifer. He went to check on her on Sunday, December 4, 1983, because "she was a two-year-old heifer and was going to have a calf right away and ... sometimes they have a little trouble...." Shoemaker found his corral had been broken into and a makeshift runway had been constructed. From Shoemaker's description of the area around his barn and corral, a jury could easily have inferred that rustlers had clumsily attempted to steal his whole herd, but had only been able to make off with one heifer.

Lyle Vest bought a hereford heifer at the Humansville Sale Barn on December 2,

1983. He took her to his farm in Polk County. The heifer calved while she was in Vest's possession but the calf was still-born. The heifer which Vest bought was identified by Shoemaker as being his and as being the heifer which had been stolen. Vest testified that he leaves the consignee's tag (the "sale barn tag") "on" when he buys livestock, and at the time Shoemaker identified his heifer, the consignee's tag was still where it had been put by the sale barn.

As proof of defendant's criminal agency, the State had evidence that the consignment number, No. 3860, had been assigned to an animal brought in by the defendant. The consignment sheet showed that defendant had signed as consignor of item No. 3860. The consignment sheet also bore the notation "red whiteface" and the number of head. Bank records were subpoenaed by the State; the jury was shown defendant's signature on several documents. An employee of the Humansville Bank testified she had received the check issued by the sale barn on account of consignment No. 3860. The person who presented the check took part of the proceeds in cash and deposited the remainder to the account of Randy J. Knight. A copy of the deposit slip issued by the bank was received in evidence over defendant's objection that "there [had] been as to showing of the unavailability of the original."

While defendant was in custody, hand-writing exemplars were taken. A questioned document expert employed by the Missouri State Highway Patrol testified that upon comparison, he found that the signature on the consignment sheet (State's exhibit 6) and the endorsement signature upon the sale barn's check (State's exhibit 7) were "most probably" the hand-writing of the person who furnished the exemplars. The phrase "most probably" represented "[t]he highest degree of certainty that [the expert] would give any document." The defendant was advised of his right to testify in his own behalf in chambers. He elected to remain mute.

The defendant has not questioned the sufficiency of the evidence to support the judgment of conviction in this court. The evidence is "circumstantial" to the extent that none of the witnesses who transacted business with the defendant could identify him. Nevertheless, even when the evidence of defendant's guilt is wholly circumstantial, that evidence tending to support the verdict must be taken as true, contrary evidence must be disregarded and every reasonable inference tending to support the verdict must be indulged. *State v. Cobb*, 444 S.W.2d 408, 412[3] (Mo. banc 1969); *State v. Wakefield*, 682 S.W.2d 136, 138–39 (Mo.App.1984), and the weight of the evidence is no more a matter of review for this court than a criminal appeal in which the evidence is "all direct." *State v. Brown*, 660 S.W.2d 694, 698[9] (Mo. banc 1983). Since § 570.030 was first enacted in 1977, Laws of Mo.1977, p. 696–97, the essential elements of stealing property of another without his consent have been held to be 1) an appropriation; 2) of property; 3) of another; 4) with the purpose to deprive the other thereof; 5) accomplished without the owner's consent. Comment to § 570.030, 41 V.A.M.S. 446. From the evidence we have recited a jury could infer that the defendant appropriated Shoemaker's 800-pound springer, consigned her to the auction barn for sale and pocketed the proceeds. The evidence supports the judgment of conviction.

Defendant complains that the trial court erred in receiving State's exhibit 8, a microfilmed copy of a deposit slip, admitted to show that part of the proceeds of the sale were deposited to the defendant's account. Defendant's objection is that the original document was not accounted for, hence there was no reason to admit a copy. The exhibit has not been filed here, but § 362.413, RSMo 1978, would seem to be broad enough to cover State's exhibit 8 as described by its custodian. *State v. Holmes*, 419 S.W.2d 15, 19[4] (Mo.1967). The point is without merit.

The defendant also complains of the sentence imposed and the procedure followed

in imposing sentence. The trial court submitted the State's case upon Instruction No. 6, which was MAI–CR 2d 24.02.1, appropriately adapted. Following the conversive tail, the range of punishment was defined for the jury in language appropriate to a Class C Felony as provided by MAI–CR 2d 2.04. The jury found defendant guilty and assessed his punishment at imprisonment in the county jail for a term of 1 year. Disregarding the jury's assessment of a punishment, the trial court found the defendant to be a prior offender within the meaning of § 558.016.2, RSMo Supp. 1984, and assessed his punishment at imprisonment for a term of 7 years. The defendant argues that because the issue of punishment was submitted to the jury, the penalty enhancement provisions of § 558.016 are waived.

The information originally filed in this case charged the defendant with conviction of three prior offenses. Prior to trial, the court held a hearing in chambers and determined that on three prior, different occasions defendant had been convicted of a felony in the Circuit Court of St. Clair County. The court specifically found the defendant to be a prior offender. Thereafter, doubtless through oversight, the defendant's punishment was submitted to the jury. At the time the motion for new trial was heard, the trial court amended its finding to read that the court found beyond a reasonable doubt that the defendant was a "prior offender" and sentenced defendant to a term of 7 years.

■ There was no prejudicial error in the assessment of the defendant's punishment. An argument very similar in substance was considered and rejected by our colleagues at Kansas City in *State v. Wood*, 662 S.W.2d 876, 878[1] (Mo.App. 1983). Subsections 2(2) and 5 of § 557.036, RSMo Supp.1984, fairly read, deprive the jury of any function, including any advisory function, in fixing the punishment of a defendant found to be a prior, persistent or dangerous offender. *State v. Bryant*, 658 S.W.2d 935, 939 (Mo.App.1983). The sentence was within the range of punishment prescribed by § 558.011.1(3), RSMo Supp. 1984. We decline to convert an understandable inadvertence into a reversible error.

The judgment is affirmed.

PREWITT, C.J., and MAUS and CROW, JJ., concur.