.Thomas M. HADICAN, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent–Appellant.

No. 63487.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 12, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Special Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for respondent-appellant.

J. Martin Hadican, Mary Elizabeth Ott, Clayton, for petitioner-respondent.

CRANDALL, Presiding Judge.

Director of Revenue appeals from the judgment of the trial court in favor of Thomas M. Hadican. We affirm.

Hadican was arrested for driving while intoxicated. A breath analysis test revealed that he had a blood alcohol content of .11 per cent. His driving privileges were suspended; and the suspension was upheld after an administrative hearing. Hadican then filed a petition for a trial de novo in the circuit

court. The Director of Revenue (Director) offered into evidence records which were certified by the custodian, pursuant to § 302.-312, RSMo (Cum.Supp.1992). The records included the arresting officer's report, the breath test officer's report, and the alcoanalyzer maintenance report. The circuit court refused to admit these documents as evidence and found in favor of Hadican.

Section 302.312 provides:

> Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals.

In *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993), the evidence sought to be admitted consisted solely of the records of Director. Director's file contained the police report made by the arresting officer, a printout of the breath analysis results, and a form completed by the chemical test operator. *Id.* at 336. The copies were certified by the custodian. *Id.* Focusing on the statutory language "in the same manner and with like effect as the originals," the Supreme Court of Missouri held that the documents were inadmissible for lack of authentication. *Id.* at 338. The court stated that the language of the statute left the documents to the same foundation objections as would be their originals, such as authentication and hearsay; and that in the absence of foundational evidence, the documents were inadmissible. *Id.* at 337.

We find *Hadlock* to be dispositive of the present case. Here, the records offered by Director were similar to those of *Hadlock* and were not authenticated. The trial court therefore properly rejected the documents and entered judgment in favor of Hadican.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.