Eric Chriss **KLAMM**, Respondent,

v.

**DIRECTOR Of REVENUE, State of Missouri, Appellant.**

No. 63537.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Mark S. Levitt, St. Louis, for respondent.

CRIST, Judge.

Director of Revenue (Director) appeals the circuit court's reinstatement of Eric Chriss Klamm's (Licensee's) driver's license. We affirm.

Licensee was arrested for driving while intoxicated. The Director found there was probable cause to suspect Licensee had committed an alcohol-related offense and had a blood alcohol level of .13 percent or greater. The Director suspended his driver's license pursuant to § 302.505, RSMo 1986. Licensee filed a timely request for *de novo* review in the circuit court.

At trial, the Director introduced into evidence a certified copy of the entire file in this case. The file was accepted into evidence pursuant to § 302.312, RSMo 1986, without foundational testimony. The Director also submitted a maintenance report which was verified as a business record by an affidavit signed by Rob Creach, a custodian of records at the State Public Health Laboratory. The Director then asked the court to take judicial notice of the Rules of the Missouri Department of Health at 19 CSR 20–30.010 to .070. The Director presented no other evidence. Licensee offered no evidence but objected to the admittance of the Director's file without foundational testimony.

After reviewing the record, the court found:

> Upon evidence adduced, after hearing, and after the assessment of the credibility of the witnesses, the court finds the greater weight of the credible evidence in favor of Petitioner.

On appeal, the Director argues the trial court's decision to reinstate Licensee's driver's license is unsupported by any competent evidence. The Director argues, since his file and the maintenance report on the breathalyzer were the only evidence adduced at trial, the circuit court could not possibly have found in favor of Licensee. We disagree.

■ In a license suspension proceeding, the Director of Revenue has the burden of proving, by a preponderance of the evidence, that the arresting officer had probable cause to believe the Licensee committed an alcohol-related offense and that his blood alcohol concentration was .13 percent or greater. *Morris v. Department of Revenue*, 800 S.W.2d 806, 808[1] (Mo.App.1990). The circuit court conducts a *de novo* review of the Director's decision. *Pool v. Director of Revenue*, 824 S.W.2d 515, 516[1] (Mo.App.1992). On appeal, we will affirm the circuit court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Reed v. Director of Revenue*, 834 S.W.2d 834, 836[2] (Mo.App.1992).

■ The Director failed to meet his burden of proof. A recent Missouri Supreme Court case, *Hadlock v. Director of Revenue*, 860 S.W.2d 335 at 338 (Mo. banc 1993), held Department of Revenue files were improperly admitted under § 302.312 without foundational testimony. Section 302.312, RSMo 1986, states:

> Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of

vital records of the department of health and copies of any matter recorded in the offices, properly certified by the appropriate custodian shall be admissible as evidence in all courts of this state in the same manner and with the same effect as the originals.

In *Hadlock*, the Court found § 302.312 only waived the requirements of the best evidence rule by allowing the Director to submit a certified copy of the file instead of the original file. *Id.* Prior case law allowed the Director, in a *de novo* trial, to have a certified copy of the Department's record admitted into evidence, without calling any foundation witnesses. *State v. Flowers*, 597 S.W.2d 276, 277[2] (Mo.App.1980); *State v. Wilson*, 651 S.W.2d 512, 517[10] (Mo.App.1983). In overruling these previous cases, the Court stated: "the language of the statute leaves the copies subject to the same foundation objections as their originals: authentication and hearsay." *Id.*

Based on *Hadlock*, the certified copy of Licensee's file was improperly admitted because the Director offered no foundational testimony. Because all evidence contained in Licensee's file was not properly before the court, its decision to reinstate Licensee's driver's license was proper.

Further, had the Director's file been properly admitted, the trial court's decision to reinstate Licensee's driver's license would still not be clearly erroneous. The court is free to disbelieve the testimony of any witness, whether oral or written, and the fact that the evidence is uncontroverted is in no way decisive. *Cloyd v. Cloyd*, 564 S.W.2d 337, 343[10] (Mo.App.1978). The officer's report was the only evidence regarding probable cause to suspect Licensee had committed an alcohol-related offense. The court was free to disbelieve any or all of the officer's statements and thereby find there was no probable cause.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.