Patricia Kay BUCKLEY, Petitioner–Appellant,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent–Respondent.

No. 63369.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 2, 1993.

Huck, Kasten & Smith, St. Louis, for petitioner-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenualt, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent-respondent.

CRANDALL, Presiding Judge.

Petitioner, Patricia Kay Buckley, appeals from the judgment of the trial court denying her petition for a trial de novo and sustaining the order of the Director of Revenue which suspended petitioner's driving privileges for one year for driving while intoxicated. We reverse and remand with directions.

On August 29, 1992, at about 12:10 a.m., a police officer of the Village of St. George, St. Louis County, Missouri, saw petitioner's vehicle travelling westbound on Reavis Barracks Road, which is four lanes wide. The officer saw petitioner's vehicle pass his patrol car and straddle the white lane markers between the curb lane and the passing lane, before entering the curb lane without signalling. The officer followed her for over one and one-half miles and did not notice further erratic driving. When he stopped her, he issued her a ticket for "weaving/lane straddling." At the time of the stop, he noticed that her eyes were bloodshot and glassy, that she smelled of alcohol, and that she swayed when she walked. He administered field sobriety tests, some of which she failed. The officer then arrested her for driving while intoxicated. A subsequent breath analysis test revealed that she had a blood alcohol concentration of .157 percent.

Petitioner's driving privileges were revoked and the revocation was upheld after an administrative hearing. Petitioner petitioned the circuit court for a trial de novo. The trial court denied the petition and sustained the order of the Director of Revenue (Director) suspending petitioner's driving privileges for one year.

In a license suspension proceeding, Director has the burden of proving, by a preponderance of the evidence, (1) that the police officer had probable cause to arrest petitioner for driving while intoxicated and (2) that at the time of the arrest her blood alcohol concentration was .10 percent or greater. See § 302.505, RSMo (Cum.Supp. 1992). The circuit court conducts a de novo review of Director's decision. The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declared or applied the law. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 630 (Mo. App.1991).

Petitioner's two points on appeal are that Director established neither probable cause for her arrest nor the percentage of alcohol concentration in her blood. If Director does not prove one of the requisite facts, he fails to meet his burden of proof.

In her second point, petitioner claims the trial court erred in receiving the results of the breath analysis test into evidence. At trial, Director filed documents with the court that included the maintenance check report, which is the report of the monthly maintenance performed on each breath analysis machine. The copy of the maintenance report was certified by the custodian of records of the Department of Revenue and was provided to counsel seven days prior to the hearing in accordance with § 490.692.2, RSMo (Cum. Supp.1992). During the hearing, Director discovered that the maintenance test report submitted to the court was performed on a machine which was not the machine used to determine petitioner's blood alcohol concentration; and then Director offered into evidence the maintenance report for the machine actually used in the test. On appeal, petitioner claims that the trial court erred in overruling her objection to the maintenance check report and in receiving it into evidence,

because the report was not properly authenticated.

For the results of a breathalyzer analysis to be admissible into evidence, the analysis must have been performed in accordance with §§ 577.020 to 577.041, RSMo (Cum. Supp.1992), and in accordance with methods and standards approved by the State Division of Health. § 577.037.4, RSMo (Cum. Supp.1992). The division of health adopted administrative Rule 19 CSR 20–30.031(3) which provides in pertinent part:

A type II permittee shall perform maintenance checks on breath analyzers under his/her supervision at intervals not to exceed thirty-five (35) days. . . .

In *Woodall v. Director of Revenue*, 795 S.W.2d 419, 420 (Mo.App.1990), the court held that adherence to Rule 19 CSR 20.30.-031(3) by Director is mandatory. It follows that if the maintenance check report is inadmissible for any reason, the results of the breathalyzer are also inadmissible.

The maintenance check report was offered and received into evidence under § 302.312, RSMo (Cum.Supp.1992) which provides:

Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals.

In *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc filed Aug. 17, 1993), the Supreme Court of Missouri held that documents from the Director's files, their certification by the custodian notwithstanding, were inadmissible for lack of authentication. The court stated that the language in the statute "in the same manner and with like effect as the originals" left the documents to the same foundation objections as would be their originals, such as authentication and hearsay. *Id.* at 338.

Based upon *Hadlock*, we find that the certified copy of the maintenance check report was improperly admitted because Director offered no foundational testimony. Director's failure to properly authenticate the maintenance check report resulted in Director's inability to prove that petitioner's blood alcohol concentration was .10 percent or greater. Thus, Director did not prove one of the facts necessary to support the suspension of petitioner's driver's license under § 302.505 and did not meet his burden of proof. The trial court erred in receiving the maintenance check report into evidence and in sustaining Director's order to suspend petitioner's driving privileges. Petitioner's second point is granted. In view of our holding on this point, we need not address petitioner's first point on appeal.

The judgment of the trial court is reversed and the cause is remanded with directions to reinstate petitioner's driver's license.

REINHARD and CRIST, JJ., concur.