John Neal WILLIAMS, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent–Appellant.

No. 19386.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 31, 1994.

Motion for Rehearing or Transfer
Denied Nov. 22, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Timothy R. Cisar, Lake Ozark, for respondent.

FLANIGAN, Judge.

The Director of Revenue appeals from an order of the Circuit Court of Camden County, reinstating the driving privileges of petitioner-respondent John Neal Williams, after they had been revoked under §§ 302.500–302.541 [1] (RSMo 1986 and Supp.1993). The trial court's order was entered after an evidentiary hearing at which the only witness was Cpl. Douglas McPike of the Missouri Highway Patrol, who testified on behalf of the Director.

The Director's sole point is that the trial court erred in sustaining petitioner's objection to a copy of a maintenance report on a breath analyzer "because a proper foundation was laid, in that a Type II permit holder is a 'qualified witness' to lay a business record foundation."

On July 19, 1992, McPike arrested Williams in Camden County for operating a motor vehicle while in an intoxicated condition. McPike was participating in a sobriety check point on U.S. 54 at Linn Creek. Williams' vehicle was one in a line of traffic which was stopped. After talking with Williams, observing his condition, and administering to him field sobriety tests, McPike formed the opinion that Williams was intoxicated.

Williams was arrested, given the Miranda warnings, and taken to the sheriff's office in Camden County where he agreed to submit to a breath analyzer test. McPike, a holder of a Type II permit, administered the test

and filled out an Alcohol Influence Report which showed Williams' blood alcohol concentration by weight to be .106 percent.

At the circuit court hearing, the Director offered Exhibit A, which were copies of records of the Department of Revenue, certified by the custodian of records of that department. One page of Exhibit A was a maintenance report signed by Cpl. Hull of the Highway Patrol, showing the results of his inspection of the breath analyzer machine on July 3, 1992.

Cpl. McPike testified: "A page of Exhibit A is a copy of the maintenance report on [the breath analyzer used by McPike], performed by Cpl. Hull of the Highway Patrol at Camden County. I am familiar with completing the maintenance report. I am required to do that pursuant to the Code of State Regulations. When a Type II maintenance man performs that maintenance test, he is required to fill out that form, date it and sign it. I obtained a copy of the maintenance report at the time of the arrest. This was from the maintenance records by the machine. I have no knowledge as to when this maintenance report was prepared, other than what it says. From what I can tell, the report was done correctly. I am not the custodian of the records for the Camden County breathalyzer machine records."

Williams' attorney objected to the introduction of the maintenance report on the ground that it was hearsay. The trial court sustained the objection. The order reinstating Williams' driving privileges recited: "The court finds that a Missouri Highway Patrolman who holds a Type II Department of Health BA permit is not a proper attesting witness to authenticate a copy of a BA maintenance report prepared by another highway patrolman having a Type II permit, and filed with the Department of Health of the State of Missouri, ..."

Section 302.312, as amended in 1987, reads:

"Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital

1. Except where otherwise indicated, all refer-    ences to statutes are to RSMo 1986, V.A.M.S.

records of the department of health and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals."

In *Hadlock v. Director of Revenue,* 860 S.W.2d 335 (Mo. banc 1993), a driver, whose driving privilege had been suspended, appealed from an order of the circuit court which affirmed the suspension by the Director. The evidence in the circuit court consisted solely of records of the Department of Revenue. The records were copies of a police report made out by the arresting officer, a form completed by the operator of the breath analyzer, and the breath analysis results. The case did not involve a maintenance report on the breath analyzer.

Upholding the driver's contention that the reports were not admissible, the court said, at 337–338:

"[W]e cannot ignore the final portion of § 302.312, which states 'in the same manner and with like effect as the originals,' and which must be read as an additional limitation. The statute permits 'copies' to be admitted 'in the same manner and with like effect, as the *originals* ' and no more. Section 302.312 simply alleviates the need for the original documents of the Department of Revenue, Department of Health, and the Bureau of Vital Statistics, which would otherwise be required under the best evidence rule. The statute only requires certification that the copy is a true and accurate copy of the original. Perhaps unfortunately, the language of the statute leaves these copies subject to the same foundation objections as would be their originals: authentication and hearsay. No foundational evidence was offered in this case, and the documents were not properly admitted.

"Our interpretation of § 302.312 is in accord with several other cases involving statutes with similar qualifying language as 'in the same manner and with like effect as the original.' In these cases, *there has always been an attesting witness to authenticate the document,* or objections to the introduction of the document were not validly preserved

for review. *These statutes were construed simply as making a statutory exception to the best evidence rule. The documents were still subject to objections on other grounds.*" (emphasis added).

■ Three cases, decided in the wake of *Hadlock,* support the trial court's ruling. In chronological order they are: *Hadican v. Director of Revenue,* 863 S.W.2d 9 (Mo.App. 1993); *Klamm v. Director of Revenue,* 863 S.W.2d 661 (Mo.App.1993); and *Buckley v. Director of Revenue,* 864 S.W.2d 394 (Mo. App.1993). Although the Director, represented by the same counsel who represents him here, was a party in each of those cases, he mentioned none of them. This court expresses its strong disapproval of that omission.

In *Hadican,* the Director appealed from a judgment of the circuit court which had set aside the Director's suspension of Hadican's driving privileges. In the circuit court, the Director offered into evidence records consisting of the arresting officer's report, the breath test officer's report, and the maintenance report on the breath analyzer. The records "were certified by the custodian pursuant to § 302.312." The circuit court refused to admit the documents, and this ruling was affirmed. Citing *Hadlock,* the court said that the documents were inadmissible "for lack of authentication." The court stated that *Hadlock* held that the statute "left the documents to the same foundation objections as would be their originals, such as authentication and hearsay; and that in the absence of foundational evidence, the documents were inadmissible."

In *Klamm,* the Director appealed from the circuit court's judgment which reinstated Klamm's driving privileges. In the circuit court, the Director offered into evidence a certified copy of "the entire file." The file was admitted without foundational testimony. The Director also submitted a maintenance report which was verified as a public record by an affidavit signed by the custodian of records at the State Public Health Laboratory. Klamm objected to the admission of the Director's file without foundational testimony. On appeal, the Director argued that

because the evidence consisted only of his file and the maintenance report, the trial court could not properly find in favor of Klamm. Rejecting the appeal, and citing *Hadlock*, the court said that the Director had failed to meet his burden of proof. The court said, at 663:

"In *Hadlock*, the Court found § 302.312 only waived the requirements of the best evidence rule by allowing the Director to submit a certified copy of the file instead of the original file. Prior case law allowed the Director, in a *de novo* trial, to have a certified copy of the Department's record admitted into evidence, without calling any foundation witnesses. In overruling these previous cases, the Court stated: 'the language of the statute leaves the copies subject to the same foundation objections as their originals: authentication and hearsay.'

"Based on *Hadlock*, the certified copy of Licensee's file was improperly admitted because the Director offered no foundational testimony. Because all evidence contained in Licensee's file was not properly before the court, its decision to reinstate Licensee's driver's license was proper." (citations omitted).

In *Buckley*, the trial court sustained the Director's suspension of Buckley's driving privileges, and she appealed. At the trial, the Director offered into evidence the maintenance report on the breath analyzer which had been used to test Buckley's blood alcohol concentration. The Director relied on § 302.312 in offering the maintenance report into evidence. The court said that if the maintenance report was inadmissible for any reason, the results of the breath analyzer were also inadmissible. The court said, at 396:

"Based upon *Hadlock*, we find that the certified copy of the maintenance check report was improperly admitted because Director offered no foundational testimony. Director's failure to properly authenticate the maintenance check report resulted in Director's inability to prove that petitioner's blood alcohol concentration was .10 percent or greater. Thus, Director did not prove one of the facts necessary to support the suspension of petitioner's driver's license under § 302.505 and did not meet his burden of proof. The trial court erred in receiving the maintenance check report into evidence and in sustaining Director's order to suspend petitioner's driving privileges."

The Director relies on *Narsh v. Director of Revenue*, 878 S.W.2d 82 (Mo.App.1994), and *Thomas v. Director of Revenue*, 875 S.W.2d 582 (Mo.App.1994). Neither case cites *Hadlock*, and each is distinguishable from the case at bar.

In *Narsh*, the Director appealed from the circuit court's order which had restored Narsh's driving privileges after they had been administratively revoked for driving while intoxicated. Officer Turner, the arresting officer, took Narsh to the police station where a breath analysis was performed. The Director offered into evidence Exhibits C and D. Exhibit D was the maintenance report on the breath analyzer. Exhibit C was the "notarized affidavit" of the custodian of records for the "Breath Analyzer Program, State Public Health Laboratory, Missouri Department of Health," which identified the accompanying document [Exhibit D], and described the preparation and maintenance of the document as a business record. The court upheld the Director's contention that the trial court improperly excluded the maintenance report because the report met the statutory requirements. Petitioner's objection to the exhibits was that there was no showing of the qualifications of the person who executed the maintenance report. Citing *Thomas*, the court said that the trial court added additional foundational elements to the business records exception to the hearsay rule.

*Narsh* is distinguishable from the instant case because here there was no affidavit of the custodian of records of the Department of Health. The affidavit here was that of the custodian of records of the Department of Revenue. Maintenance reports of breath analyzers are matters under the supervision of the Department of Health. 19 CSR 20–30.011(2); 19 CSR 20–30.031.

It is unnecessary for this court to express an opinion on whether the holding in *Narsh* is inconsistent with *Hadlock*. See *Klamm*. This court is bound by *Hadlock*.

In *Thomas,* the Director appealed from an order of the circuit court which reinstated the driving privileges of Thomas. The trial court sustained Thomas' objection to the admission of the maintenance report on the breath analyzer. Thomas was arrested for driving while intoxicated by Officer Baskerville. Thomas was taken to the police station where Officer Eyre, a Type II permit holder, administered the breath analyzer test to Thomas.

At the trial, Officer Eyre testified concerning the test results. He also identified a copy of the maintenance report made for the breath analyzer. The maintenance report was made by Officer Mills, who did not testify. Officer Brenneman, a Type II permit holder, testified that his duties included keeping records of the maintenance checks. He said that copies were sent to "numerous government agencies" and that the originals were kept in his office. He identified the maintenance report as the one made by Officer Mills within 35 days before the test.

The court upheld the contention of the Director that the maintenance report should have been admitted as a public record under § 490.680, and reversed the judgment and remanded. At 584–585 the court said:

"Section 490.680 provides for admission of a business record for the truth of the matter asserted if (1) the custodian or other qualified witness testifies to its identity and the mode of its preparation, and (2) the record was made in the regular course of business, at or near the time of the act, condition, or event. Upon qualification under section 490.680, records establishing proper maintenance of breathalyzer equipment speak for themselves.

"We conclude that the breathalyzer maintenance report qualified as a business record. Officer Brenneman held a Type II permit that authorized him to maintain and to operate breathalyzer equipment; his duties included keeping the maintenance reports on the breathalyzer equipment. At trial, the officer identified the report on the machine used for Mr. Thomas' test. He explained the regular procedures for maintaining the breathalyzer equipment and for making the maintenance reports. Contrary to Mr.

Thomas' assertions, the report preparer need not lay the foundation, and the records' custodian need not have personal knowledge of the mode of preparation." (citations omitted).

In the case at bar there was no testimony from a custodian of the maintenance report, such as Officer Brenneman.

This court is aware of the dangers to which the traveling public is exposed by drunken drivers. The copy of the maintenance report has facial authenticity. It might have been admissible under such a practical authority as Fed.R.Evid. 803(8), which does not apply here. The ruling of the trial court is supported, indeed mandated, by *Hadlock, Hadican, Klamm,* and *Buckley.*

The judgment is affirmed.

SHRUM, C.J., and MONTGOMERY, J., concur.