**Thomas Carl CRIMMINS,**
**Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE,**
**Defendant–Appellant.**

**No. 21749.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 17, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Robert L. Davis, Union, for Respondent.

PARRISH, Presiding Judge.

The Director of Revenue (the director) appeals a judgment setting aside her order suspending the driving privileges of Thomas Carl Crimmins (plaintiff). The trial court found the director failed to satisfy her burden of proof; that certified copies of records of the Department of Revenue (the department) relative to the suspension of plaintiff's driving privileges were not admissible evidence. This court reverses and remands.

Plaintiff was arrested for driving while intoxicated. The arresting officer filed a report of the circumstances of the arrest as required by § 302.510.[1] Plaintiff's driving privileges were suspended. An administrative hearing was held as permitted by § 302.530. The suspension order was sus-tained. Plaintiff filed a petition for trial de novo pursuant to § 302.535.1.

The only witness at the trial was the arresting officer. He testified about events that led to his stop and arrest of plaintiff. The director then offered two exhibits in evidence. Both were certified copies of records of the department. *See* § 302.312.1. Plaintiff objected to the admission of the exhibits on the basis that "all the rule of giving certified copies does is it takes away the necessity of having the person here. But unless the foundation for the information contained in those records is in those records that would make it admissible, it's not admissible. And it's my position, depending on what he's offering, certainly some of those records there's no foundation for." The trial court sustained the objection and refused to admit the exhibits in evidence.

■ The director presents one point on appeal. She asserts the trial court erred in refusing to admit in evidence the certified copies of records of the department. She acknowledges that before the last amendment to § 302.312, plaintiff's position was warranted but argues that the certified copies of the records are admissible under the current statute.

Prior to amendment in 1996 the statute provided:

Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state *in the same manner and with like effect as the originals.* [Emphasis added.]

§ 302.312, RSMo 1994. *See Hadlock v. Director of Revenue,* 860 S.W.2d 335, 337–38 (Mo. banc 1993); *Williams v. Director of Revenue,* 889 S.W.2d 879, 881–82 (Mo.App. 1994). However, as the director points out, the words that are italicized were deleted from the statute in 1996. They were not part of the statute in effect at the time of the event that spawned this case. Her brief explains:

1. References to statutes are to RSMo Supp.1996 unless otherwise stated.

In *Hadlock,* the court held that § 302.312 [RSMo 1986] was merely a statutory exception to the best evidence rule, and that other foundational objections to the admission of such documents, such as authentication and hearsay, were still valid. 860 S.W.2d at 337–38. The court rested its decision on the final clause in § 302.312 which made the records admissible "in the same manner and with like effect as the originals." *Id.* The court held that this language was an additional limitation on the admission of these records. *Id.* at 337.

The language relied upon by the *Hadlock* court, however, is not present in the current version of § 302.312, in effect at the time of [plaintiff's] trial de novo. Following the supreme court's decision in *Hadlock,* § 302.312 was amended effective August 28, 1996, and this section was reenacted without the limiting language relied on by the *Hadlock* court. 1996 Mo. Laws 586. Now, the statute simply provides that certified records of the Department of Revenue are admissible as evidence.

With commendable candor, plaintiff concedes the director's argument. This court agrees. Plaintiff contends, nevertheless, that the trial court did not err in refusing to admit director's exhibits in evidence because their admission would have violated plaintiff's constitutional right of confrontation.

█ "To preserve a constitutional claim for appellate review, the claim must be made at the first opportunity, with citation to specific constitutional sections." *Phillips v. State,* 924 S.W.2d 318, 319 (Mo.App.1996). No mention of a constitutional claim appears in the record of proceedings before the trial court. The issue plaintiff now attempts to raise was not preserved for appellate review.

The trial court erred in denying the admission of the certified copies of records of the department. The judgment reinstating plaintiff's driving privileges is reversed. The case is remanded for new trial.

MONTGOMERY, C.J., and SHRUM, J., concur.