Lance MURRAY, Appellant,

v.

STATE of Missouri, Respondent.

ED 104473

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: February 28, 2017

Lisa P. Page, Judge

Lance Murray ("Movant") appeals from the denial of his Rule 29.15 post-conviction relief motion without an evidentiary hearing. We affirm.

## BACKGROUND

On December 15, 2012 at approximately 2:00 p.m., a male suspect entered the White Castle located on Herbert Avenue in the City of St. Louis. The male suspect jumped over the counter and pointed his gun at a White Castle employee. He demanded money from the cash register, and the White Castle employee complied. The suspect fled the scene in a purple van. The entire robbery—which lasted just a few minutes—was recorded by the White Castle's surveillance system.

The police were summoned to the scene of the crime and conducted an investigation. Detective Thomas Meyer ("Detective Meyer") reviewed the surveillance footage and discovered the suspect was wearing dark clothing, distinctive shoes, and a bandana covered his face below the eyes. Detective Meyer also interviewed several of the White Castle employees who were present during the robbery. Victoria Tanksley ("Tanksley"), a White Castle employee, witnessed the robbery from a just a few feet away and saw the suspect's eyes and forehead.

That same afternoon, shortly after the robbery and in a nearby neighborhood, Ashley Burnett ("Burnett") saw a man park a purple van in the middle of her street and get into a gray, four-door car. Upon witnessing this unusual behavior, Burnett called the police. Burnett informed the police that she recognized the man as someone who worked at a nearby business.

Detective Meyer proceeded to Burnett's street and upon arrival found the gray, four-door car matching Burnett's description. As Detective Meyer approached the vehicle, the male suspect exited. Detective Meyer recognized the suspect was wearing the same distinctive shoes as appeared on the White Castle surveillance footage. Detective Meyer arrested the suspect—Movant—for the robbery of the White Castle, and found $102 in Movant's pocket.

Upon arriving at the police station, Detective Meyer informed Movant that there was surveillance footage depicting his face, and that he was preparing a photographic line-up to show to witnesses. Movant immediately retorted: "This is bullsh*t. I want to go to court tonight. They couldn't see my face. I had it covered."

Detective Meyer prepared a six-person photographic lineup to show both Burnett and Tanksley. The photographic lineup was comprised of Movant's photograph and photographs of people with similar characteristics. Before presenting the photographic lineup individually to Burnett and Tanksley, Detective Meyer informed both witnesses that the suspect may or may not be in the lineup, and that they were not obligated to pick anyone. Tanksley identified Movant as the man who had robbed the White Castle both in the photographic lineup and in court, stating that she recognized him because of his distinctive forehead. Similarly, Burnett identified Movant in the photographic lineup and in

court as the man whom she saw park and exit the purple van and then enter the gray, four-door car on her street.

At trial, Detective Meyer testified that he believed Movant was the robber at the time he presented said lineups, and that it was possible he could have subconsciously given some signal to either witness to choose Movant's photograph. However, Detective Meyer also testified that he did not provide any explicit indication to Burnett or Tanksley who they should choose from the photographic lineup.

After a jury trial, Movant was convicted and sentenced, as a prior and persistent offender, for first degree robbery, armed criminal action, and tampering with a motor vehicle. Movant unsuccessfully appealed his convictions, this court's mandate being issued on October 9, 2015. See, generally, State v. Murray, 469 S.W.3d 921 (Mo. App. E.D. 2015).

Movant timely filed his *pro se* motion for post-conviction relief. The motion court then denied Movant's motion on April 26, 2016 without an evidentiary hearing. This appeal follows.

## DISCUSSION

In his sole point on appeal, Movant contends the motion court clearly erred in denying his Rule 29.15 post-conviction relief claim without an evidentiary hearing, in that his appellate counsel ("Appellate Counsel") was ineffective for failing to raise a claim regarding the identifications made by both Burnett and Tanksley. Specifically, Movant avers that a reasonable appellate counsel would have asserted a claim on appeal regarding the identifications because they were so unduly suggestive as to create a substantial likelihood of misidentification and rendered the identifications unreliable. Movant further argues there is no reasonable appellate strategy that includes failing to raise this issue, and

had appellate counsel raised this issue, there is a reasonable probability that the outcome of Movant's appeal would have been different.

### Standard of Review

Appellate review of the denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Helmig v. State, 42 S.W.3d 658, 665–666 (Mo. App. E.D. 2001); see also Rule 29.15(k). Insomuch as we presume the motion court's findings are correct, this Court deems a motion court's findings of fact and conclusions of law clearly erroneous only if a full review of the record leaves us with a definite and firm impression that a mistake has been made. Mallow v. State, 439 S.W.3d 764, 768 (Mo. banc 2014). Nevertheless, even if the stated reason(s) for the motion court's ruling is determined to be incorrect, this Court will affirm the judgment if the action is sustainable on other grounds. Swallow v. State, 398 S.W.3d 1, 3 (Mo. banc 2013) (citing State v. Bradley, 811 S.W.2d 379, 383 (Mo. banc 1991).

### Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a defendant in a criminal case must show: (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) the movant was thereby prejudiced in that a different outcome would have resulted but for counsel's ineffectiveness. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The standard of review for a claim of ineffective assistance of appellate counsel is essentially the same as that employed with trial counsel; a movant is

expected to show both a breach of duty and resulting prejudice. Helmig, 42 S.W.3d at 682. Appellate counsel does not have a duty to raise every possible issue asserted in the motion for a new trial on appeal, and appellate counsel has no duty to present non-frivolous issues where appellate counsel strategically decides to "winnow out" arguments in favor of other arguments. Mallett v. State, 769 S.W.2d 77, 84–85 (Mo. banc 1989) (citing Jones v. Barnes, 463 U.S. 745, 751–52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). Strong grounds must exist showing that appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. Reuscher v. State, 887 S.W.2d 588, 591 (Mo. banc 1994).

■ As to prejudice, Movant must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Deck v. State, 68 S.W.3d 418, 426 (Mo. banc 2002). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

■ To be entitled to an evidentiary hearing, a movant must allege facts, not conclusions, warranting relief; the facts alleged raise matters not refuted by the files and records in the case; and the matters complained of must have resulted in prejudice. Greer v. State, 406 S.W.3d 100, 104 (Mo. App. E.D. 2013).

### *Analysis*

■ Pretrial identification procedures are unduly suggestive if the identification results not from the witness's memory, but from the procedures or actions employed by the police. State v. Green, 469 S.W.3d 881, 884 (Mo. App. E.D. 2015). With respect to whether a photographic lineup is unduly suggestive, "[d]issimilarity in physical appearance, alone, is insufficient to establish impermissible suggestion. ... as long as no one individual clearly stands out in the lineup, the law does not require exact conformity of physical characteristics." State v. Harris, 483 S.W.3d 488, 492–493 (Mo. App. E.D. 2016). Movant does not suggest that dissimilarity of the individuals in the lineup photographs skewed Tanksley or Burnett's identification. Instead, he alleges Detective Meyer's conduct in presenting the photographs to the witnesses was unduly suggestive. We disagree.

■ Assuming, *arguendo*, the pretrial procedures were unduly suggestive, we cannot hold the purported suggestive procedures have so tainted the identification as to lead to a substantial likelihood that the pre-trial identification was not reliable. State v. Chambers, 234 S.W.3d 501, 513 (Mo. App. E.D. 2007). Specifically, the identifications of both Tanksley and Burnett were independently reliable. The record shows that Tanksley identified Movant by his distinctive forehead, which she could see because he did not have it "covered." Burnett also independently recognized Movant as someone who worked for a local store, when she observed him exit the purple van and enter the gray four-door car.

Nevertheless, even if Appellate Counsel failed to exercise the customary skill and diligence of a reasonably competent appellate attorney, we find no prejudice. Sufficient evidence was presented at trial such that Appellate Counsel's purported ineffectiveness in failing to challenge the identification procedures would not have had a reasonable probability of changing the outcome of this case. First, Detective Meyer observed Movant exiting a gray, four-door car after Burnett witnessed a male—

matching Movant's description—enter upon exiting a purple van that matched the getaway vehicle used in the robbery of the White Castle. Second, Detective Meyer recognized Movant was wearing the same distinctive shoes the suspect sported in the surveillance footage. State v. Reed, 334 S.W.3d 619, 625 (Mo. App. E.D. 2011) (recognizable clothing that identifies a defendant as the person who committed a crime, in combination with witness testimony that the person who committed the crime was wearing that same clothing, is sufficient evidence to find the defendant guilty).

Finally, upon arriving at the police station and being told by Detective Meyer that there was surveillance video showing Movant's face, Movant stated: "This is bullsh*t. I want to go to court tonight. They couldn't see my face. I had it covered." Self-incriminating statements during booking by a defendant, in addition to other evidence, is sufficient evidence to find guilt. State v. McDaniel, 300 S.W.3d 274, 278 (Mo. App. W.D. 2009) (evidence sufficient to support conviction where defendant had access to and control over premises where drugs were found and made incriminating statements after being read his Miranda rights).

Movant's Rule 29.15 claim is without merit. Movant was not prejudiced, and the motion court did not err in denying Movant's motion for post-conviction relief without an evidentiary hearing. Point denied.

## CONCLUSION

For the foregoing reasons, the judgment of the motion court is affirmed.

Robert M. Clayton III, P.J. and Mary K. Hoff, J. concur.