**STATE of Missouri, Respondent,**

v.

**Gary Lee PYLYPCZUK, Appellant.**

**WD 79819**

Missouri Court of Appeals, Western District.

OPINION FILED: August 15, 2017

Joshua D. Hawley, Attorney General, and Richard A. Starnes and Daniel N. McPherson, Assistant Attorneys General, Jefferson City, MO, Attorneys for Respondent.

Jeffrey S. Eastman, Gladstone, MO, Attorney for Appellant.

Before Special Division: Zel M. Fischer, Special Judge, Presiding, and Karen King Mitchell and Cynthia L. Martin, Judges

Karen King Mitchell, Judge

Following a jury trial, Gary Pylypczuk appeals his conviction of driving while intoxicated in violation of § 577.010.[1] Pylypczuk argues that the circuit court improperly admitted evidence of his status as a persistent intoxication-related traffic offender because the evidence was not properly authenticated. We agree. Accordingly, we reverse the sentence imposed by the court and remand for jury sentencing for the class B misdemeanor of driving while intoxicated.

## Background

Pylypczuk was charged in the Circuit Court of Clay County, as a persistent offender, with driving while intoxicated in violation of § 577.010. A persistent offender is "a person who has pleaded guilty to

or has been found guilty of two or more intoxication-related offenses." § 577.023.1(5)(a). Generally, driving while intoxicated is a class B misdemeanor, but if a defendant is found to be a persistent offender, the offense is enhanced to a class D felony. §§ 577.010.2, 577.023.3.

At trial, the State intended to use two separate pieces of evidence, Exhibit 2 and Exhibit 3, to show Pylypczuk's previous offenses. Each exhibit contained only one alleged prior intoxication-related offense. Therefore, the State could not prove Pylypczuk's persistent offender status unless the court admitted both exhibits. Exhibit 3 was admitted into evidence without objection. Pylypczuk objected, however, to Exhibit 2, which purported to be a record taken from the Missouri Uniform Law Enforcement System's Driving While Intoxicated Tracking System (DWITS). Exhibit 2 was neither certified nor accompanied by any kind of business record affidavit, and the State offered no witnesses to testify as to the exhibit's origin or authenticity. The only indication of the exhibit's origin was the prosecutor's representation to the court and web addresses on the face of the exhibit suggesting it was pulled by the prosecutor's office from a Department of Public Safety webpage. Pylypczuk argued that Exhibit 2 was inadmissible because it lacked authentication insofar as there was no witness testifying to its authenticity, it bore no signature or seal, and it did not appear to be either an original document or a copy of an original document.

In response to Pylypczuk's objection, the State claimed that § "577.023 allows [the DWITS record] to be admitted [without any foundation] to prove a prior conviction." Pylypczuk disagreed, arguing that, despite permitting the use of such docu-

---

1. All statutory citations are to the Revised Statutes of Missouri, 2000, as updated through the 2014 Cumulative Supplement, unless otherwise noted.

ments, nothing in the statute eliminated the need for the document to be authenticated before it could be admitted. After considering the arguments, the circuit court allowed the exhibit into evidence and found "beyond a reasonable doubt that [Pylypczuk] has two prior convictions." Accordingly, Pylypczuk was no longer entitled to an advisory sentence from the jury.

At the close of trial, the jury found Pylypczuk guilty of driving while intoxicated. The court held a sentencing hearing on May 18, 2016, wherein Pylypczuk was sentenced under the class D felony range of punishment. Pylypczuk appeals. He does not challenge the jury's finding of guilt. Instead, he alleges only that the trial court erred in admitting Exhibit 2, and therefore his offense was improperly classified as a class D felony.

## Standard of Review

"The trial court has broad discretion in ruling on the admissibility of evidence." *State v. Mays*, 501 S.W.3d 484, 488 (Mo. App. W.D. 2016) (citing *State v. Joyner*, 458 S.W.3d 875, 880 (Mo. App. W.D. 2015)). "We thus review the trial court's decisions regarding the admission of the evidence for an abuse of that discretion." *Id.* (citing *Joyner*, 458 S.W.3d at 880). "The trial court abuses its discretion if its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Joyner*, 458 S.W.3d at 880. "The '[lower] court's admission of evidence will be sustained as long as it is sustainable under any theory.'" *Mays*, 501 S.W.3d at 489 (quoting *State v. Merrill*, 990 S.W.2d 166, 170 (Mo. App. W.D. 1999)).

## Analysis

Pylypczuk argues that "the trial court erred in admitting into evidence [S]tate's [E]xhibit 2 and thereafter relying upon the same to enhance [Pylypczuk's] offender status because [S]tate's [E]xhibit 2 lacked authentication." We agree.

The State argues that § 577.023.16 eliminated the need for the State to authenticate the document prior to admission. This is an issue of statutory construction, "a question of law, not fact, and the lower court's ruling on a question of law is not a matter of judicial discretion." *State v. Laplante*, 148 S.W.3d 347, 348 (Mo. App. S.D. 2004). Therefore, we review this question *de novo*.

Generally, "[b]efore a document may be received in evidence, it must meet a number of foundational requirements including: relevancy, authentication, the best evidence rule, and hearsay." *CACH, LLC v. Askew*, 358 S.W.3d 58, 63 (Mo. banc 2012) (quoting *Hadlock v. Dir. of Revenue*, 860 S.W.2d 335, 337 (Mo. banc 1993), *superseded by statute as recognized in Mills v. Dir. of Revenue*, 964 S.W.2d 873, 875 (Mo. App. E.D. 1998)). "Documents may be authenticated in several ways." Rhonda Churchill Thomas, *Documents as Evidence in Missouri*, 38 Mo. L. Rev. 475, 476 (1973). While the most common method is through "direct proof, either by the testimony of attesting witnesses or by proof that the signature on the document is in the handwriting of the purported author," another common method of authentication is "compliance with terms of an applicable statute." *Id.* "Such statutes are desirable to eliminate the inconvenience and expense of live but generally uncontested foundation testimony." *Hadlock*, 860 S.W.2d at 337.

The legislature generally reflects its intent to omit certain evidence from basic foundational requirements with language such as "shall be admissible as evi-

dence in all courts of this state." *Hadlock*, 860 S.W.2d at 337.

> For example, [§] 490.220 [RSMo 1986] states that all records kept in any public office of the United States or a sister state "shall be evidence in this state" if attested by the keeper of the records and with the keeper's seal. So long as the requirements of the statute are met and the records are relevant, they are admissible.

*Id.* (quoting § 490.220 RSMo 1986).

 In contrast, § 577.023.16 states, in relevant part:

> Evidence of a prior conviction ... shall include but not be limited to evidence received by a search of the records of the Missouri uniform law enforcement system, including criminal history records from the central repository or records from the driving while intoxicated tracking system (DWITS) maintained by the Missouri [S]tate [H]ighway [P]atrol, or the certified driving record maintained by the Missouri [D]epartment of [R]evenue [(DOR)].

Nothing in § 577.023.16 states that any of the records identified "shall be admissible." In fact, the statute fails to address admissibility in any way. Instead, the statute identifies specific evidence "sufficient to prove [the defendant's] prior convictions." *State v. Thomas*, 969 S.W.2d 354, 356 (Mo. App. W.D. 1998); *see also State v.*

*Miller*, 153 S.W.3d 333, 338 (Mo. App. S.D. 2005) ("In our view, [§] 577.023.14 [RSMo 2000] demonstrates clear legislative intent to establish the minimum evidentiary burden which must be met by the State in order to make a *prima facie* showing that a prior conviction qualifies as a predicate offense for purposes of enhanced punishment.");[2] *State v. Graves*, 358 S.W.3d 536, 541-42 (Mo. App. S.D. 2012) (identifying the types of evidence recognized in § 577.023.16 as "sources of evidence [that] contain sufficient indicia of reliability to establish the existence of prior convictions for driving while intoxicated." (quoting *Thomas*, 969 S.W.2d at 356)).

The State argues that, because the statute makes certain reports sufficient to prove prior convictions, we must assume that the legislature also intended to make those reports admissible without meeting general foundational requirements, given that the statute makes no mention of any authentication requirements. In so arguing, the State turns the law on its head. Rather than requiring that the statute eliminate one or more of the general foundational requirements for a particular document, the State argues that we must assume the foundational requirements are eliminated because the statute makes certain reports sufficient to prove prior convictions but does not mention foundational requirements. This is not the law.[3] The

---

**2.** In 2005, former subsection 14 of § 577.023 was renumbered to subsection 16; there were no substantive changes. H.B. 972, 93d General Assembly, 1st Reg. Sess. (Mo. 2005).

**3.** In support of its argument, the State cites *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993). Hadlock argued that the trial court erred in admitting copies of Department of Revenue records, since no foundational evidence was offered. The issue was to what extent general foundational requirements had been eliminated by a previous version of § 302.312, which provided, "Copies of

all papers and documents lawfully deposited or filed in the offices of the department of revenue ... shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals." In reversing the trial court's decision, our supreme court noted that it could not ignore the final portion of § 302.312, which demonstrated that, while the statute eliminated the need to produce originals, it did not eliminate other foundational requirements. Although *Hadlock* stands for the proposition that express language requiring foundational requirements cannot be ignored, it does not, as the State

language of the statute suggests that the legislative intent behind § 577.023.16 was to clarify that compilations, such as DWITS records maintained by the Missouri State Highway Patrol and driving records maintained by the DOR, can be used as evidence of prior convictions thus eliminating the need for prosecutors to obtain a record of each individual conviction from various courts. Eliminating foundational requirements is not necessary to accomplish this purpose and thus should not be read into the statute absent language addressing admissibility.

■■■ Finally, the State argues that, because § 577.023.16 expressly mandates that DOR records be certified but contains no such requirement for Highway Patrol DWITS records, the legislature must have intended that no foundational requirements be imposed· for the admission of DWITS records. Contrary to the State's claim, however, the inclusion of DOR records in § 577.023.16 undercuts the State's argument regarding the legislature's intent to address admissibility in § 577.023.16. Section 302.312 expressly addresses the admissibility of DOR records. That section states, in pertinent part:

> A computer terminal printout of an individual driving record through the Missouri uniform law enforcement system from the [DOR] database, **certified by an officer of the local law enforcement agency, shall be admissible in evidence in all courts of this state.**

§ 302.312.2 (emphasis added). The mere existence of § 302.312 suggests that § 577.023.16 was *not* intended to address the admission of DOR and DWITS records. For, if it were, § 302.312.2 would be rendered superfluous. "In construing legislation, we presume that the Legislature does not enact laws without a reason." *In re J.L.H.*, 488 S.W.3d 689, 696 (Mo. App. W.D. 2016). In short, "the legislature will not be charged with having done a meaningless act." *Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 617 (Mo. banc 2016) (quoting *State v. Swoboda*, 658 S.W.2d 24, 26 (Mo. banc 1983)). Hence, we must interpret § 577.023.16 and § 302.312.2 as addressing different subject matter. Specifically, § 577.023.16 addresses evidentiary sufficiency while § 302.312 addresses admissibility.

■■■ At oral argument, the State asserted that even if § 577.023.16 did not eliminate general foundational requirements for DWITS records, an adequate foundation was laid for the admission of Exhibit 2. In support, the State offers only bare recitations of the prosecutor of the document's purported origin, and information on the face of Exhibit 2 that indicates it was obtained by the prosecutor's office from the Missouri State Highway Patrol website.[4] The State argues "that any information that the person preparing the report would have provided is fully contained in the report itself." This information does not provide a sufficient foundation to support admission of Exhibit 2. First, "[b]are assertions by counsel do not prove themselves and are not evidence of the facts presented." *Andersen v. Osmon*, 217 S.W.3d 375, 381 (Mo. App. W.D. 2007). Second, while the State may argue that this document is self-authenticating,

---

suggests, stand for the converse; that absent express language suggesting that foundational limitations still apply, such limitations are eliminated.

4. "CJ35 Prosecutor UC Detail Inquiry Page" appears at the top of Exhibit 2, and at the bottom of the one-page exhibit appears the address for the Missouri State Highway Patrol website, "https://www.mshp.dps.missouri.gov/ CJ35Web/Inquiry/CJ35UCMasterDetail Inquiry.jsp?u...."

only specific types of "evidence, [enumerated by the legislature], are so likely to be what they are claimed to be that extrinsic evidence of their authenticity is not a precondition to their receipt into evidence." William A. Schroeder, 33 Mo. Prac. Courtroom Handbook on Mo. Evid. § 902.1 (2017 ed.). Hence, absent a statutory scheme such as § 302.312, "[t]he authenticity of a document cannot be assumed, and what it purports to be must be established by proof." *Estate of West v. Moffatt*, 32 S.W.3d 648, 653 (Mo. App. W.D. 2000). Thus, the trial court could not assume the identity of State's Exhibit 2 without extrinsic evidence of its authenticity.

Because § 577.023.16 does not eliminate the general foundational requirements for admission of DWITS records and the State failed to lay an adequate foundation for admission of the record, the trial court abused its discretion in admitting Exhibit 2. Point granted.

 Pylypczuk requests that we "remand this case to the trial court mandating that he be sentenced as a class B misdemeanor offender."

As discussed, without the admission of Exhibit 2, the State could not prove that Pylypczuk was a persistent offender. But, as noted above, the court admitted Exhibit 3, which contained evidence of a separate intoxication-related offense for Pylypczuk. Therefore, we must determine whether Exhibit 3 establishes that Pylypczuk is a "prior offender" and subject to punishment under the range available for a class A misdemeanor. *See* § 577.023.2. "A '**prior offender**' is a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred *within five years* of the occurrence of the intoxication-related traffic offense for which the person is charged." § 577.023.1(6) (emphasis add-

ed). Exhibit 3 evidenced a November 25, 1998 guilty plea to driving while intoxicated for events occurring on March 26, 1998. In this case, Pylypczuk was arrested for driving while intoxicated on May 14, 2015. Therefore, the events on March 26, 1998, did *not* occur within five years of the occurrence of the intoxication-related traffic offense for which Pylypczuk is charged. Thus, Exhibit 3 cannot support a finding that Pylypczuk is a prior offender. Accordingly, the State has failed to prove that Pylypczuk is either a prior or a persistent offender; therefore, Pylypczuk is subject to only a class B misdemeanor range of punishment.

Because the case has already been submitted to the jury and § 577.023.16 requires that "evidence of a prior conviction, plea of guilty, or finding of guilt in an intoxication-related traffic offense shall be heard and determined by the trial court out of the hearing of the jury *prior to the submission of the case to the jury*," the State may not supplement the record before the circuit court on remand with additional intoxication-related traffic offenses. Thus, the matter is remanded to the trial court for jury sentencing as a class B misdemeanor. *State v. Torello*, 334 S.W.3d 903, 907 (Mo. App. E.D. 2011) (Where the evidence presented was "insufficient to support a finding of prior and persistent offender status, the case must be remanded to [the] trial court for jury sentencing." (internal quotation omitted)).

## Conclusion

Because Exhibit 2 lacked adequate authentication, it was not admissible and the circuit court erred in admitting it. Furthermore, because Exhibit 2 was used to establish one of the two convictions rendering Pylypczuk a persistent offender, he was prejudiced by the erroneous admission. We, therefore, reverse the finding of

the circuit court that Pylypczuk is a persistent offender and the resulting sentence and remand for jury sentencing as a class B misdemeanor offender.

Zel M. Fischer, Special Judge, Presiding, and Cynthia L. Martin, Judge, concur.