

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| BRADLEY R. WEINERT, | ) | No. ED107715 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Stanley J. Wallach |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: January 21, 2020 |

Introduction

Bradley Weinert ("Movant") appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief. Movant claims his appellate attorney ("Appellate Counsel") was ineffective for failing to assert on direct appeal the trial court erred in accepting unauthenticated documentary evidence from the driving while intoxicated tracking system ("DWITS"). The use of the DWITS records supported Movant's classification as a "chronic offender" under Section 577.023.[2] Movant claims the motion court erred in finding Appellate Counsel's actions were reasonable because a reasonable attorney at the time should have recognized the claim of error ("DWITS claim") and asserted it on direct appeal. We disagree. We find Movant has failed to show the DWITS claim was so obvious any reasonably competent attorney would have asserted it at the time of Movant's direct appeal. Therefore, we find the motion court's conclusion

---

[1] All rule references are to Missouri Supreme Court Rules 2016, unless otherwise indicated.
[2] All statutory references are to RSMo (2012) effective March 20, 2012, unless otherwise indicated.

regarding Appellate Counsel's performance was not clearly erroneous. The motion court's denial of Movant's amended motion is affirmed.

Factual and Procedural Background

Movant was charged with driving while intoxicated under Section 577.010 as a "chronic offender" under Section 577.023.1(2). Movant's case went to trial in the circuit court of St. Louis County. Before the case was submitted to the jury, the circuit court held a hearing outside the jury's presence on Movant's classification as a "chronic offender" under Section 577.023. The State presented printed copies of search results from the DWITS as Exhibits 1 through 6. These DWITS records were hard-copy facsimiles of online searches of the DWITS, which indicated Movant had been found guilty or entered a guilty plea for six intoxication-related traffic offenses. Movant's counsel objected there was no foundation to authenticate the DWITS records. The trial court overruled the objection and accepted the evidence saying it had accepted these records in other cases under Section 577.023.16. The trial court classified Movant as a "chronic offender" under Section 577.023.1(2) enhancing the class B misdemeanor charge of driving while intoxicated to a Class B felony charge. At trial, the jury found Movant guilty. Movant was sentenced by the circuit court to a term of 11 years in the Missouri Department of Corrections.

Movant appealed the judgment and sentence. Appellate Counsel represented Movant on direct appeal and asserted three properly preserved claims of error. He claimed the trial court abused its discretion by overruling the timely objections of Movant's trial counsel when the State used:

- evidence of the severity of one of the victim's injuries because it was irrelevant and prejudicial;
- evidence of long-term emotional trauma allegedly suffered by one of the victim's because it was irrelevant and prejudicial;

- six beer bottles during closing argument because they were irrelevant and not offered into evidence at trial.

If granted, each claim would have resulted in a new trial. Movant's claims were denied on direct appeal in a *per curiam* order. *See State v. Weinert*, 502 S.W.3d 78 (Mo. App. E.D. 2016).

Movant timely filed a pro se Rule 29.15 motion claiming Appellate Counsel was ineffective during the direct appeal. Post-conviction counsel timely filed an amended Rule 29.15 motion. Movant claimed Appellate Counsel failed to assert the DWITS claim, which was preserved for appeal. Movant claimed the trial court allowed the State to use the DWITS records without authenticating the documents by presenting them as certified business records or calling a witness to attest to their authenticity. Movant claimed if Appellate Counsel brought the DWITS claim there was a reasonable probability the case would have been remanded to the trial court for re-sentencing.

The motion court held an evidentiary hearing. Movant and Appellate Counsel testified. Appellate Counsel testified he reviewed the record for Movant's direct appeal, including the trial transcript and post-trial motion. Appellate Counsel conceded the DWITS claim was preserved for appeal. Appellate Counsel also read Section 577.023.16 in his review of the Movant's file. Appellate Counsel believed the statute allowed the DWITS records to come in as offered by the State. Appellate Counsel believed certain records must be certified based on the language of the statute, but the records used by the State did not require certification. Appellate Counsel believed the language of Section 557.023.16 eliminated the need to authenticate or lay foundation for DWITS records

The motion court denied Movant's amended Rule 29.15 motion. The motion court found the DWITS claim was properly preserved by trial counsel's objection and post-trial motion. The motion court found Appellate Counsel asserted three other preserved claims of error on direct

appeal, not including the DWITS claim. The motion court also found Appellate Counsel had impressive qualifications and experience including over 25 years of appellate work. The motion court found Appellate Counsel reviewed Movant's trial transcript and post-trial motion. The motion court also found Appellate Counsel reviewed the language of Section 577.023.16 and, after review, chose not to appeal the DWITS claim because he believed after review the statute allowed the use of the DWITS records.

According to the motion court, Appellate Counsel decided not to appeal the DWITS claim based on "focused and thoughtful attention and analysis[.]" The motion court found Appellate Counsel made a "considered, intentional decision." The motion court found Movant failed to meet the burden of showing, by a preponderance of the evidence, Appellate Counsel was ineffective for failing to assert the DWITS claim on appeal. The motion court also found Movant failed to show the failure to assert the DWITS claim prejudiced Movant.

This appeal followed.

<u>Discussion</u>

*Standard of Review*

This Court reviews a motion court's judgment denying post-conviction relief to determine whether any findings of fact or legal conclusions were clearly erroneous. Rule 29.15(k); *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018). A judgment is clearly erroneous only if this Court is "left with a definite and firm impression that a mistake has been made." *Id*. A movant has the burden of proving all allegations by a preponderance of the evidence. Rule 29.15(i).

"In reviewing the overruling of a motion for post-conviction relief, the motion court's findings are presumed correct." *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (citing

4

*Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005)). We defer to "the motion court's superior opportunity to judge the credibility of witnesses." *Barton v. State*, 432 S.W.3d 741, 760 (Mo. 2014) (quoting *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991)).

*Strickland Standard – Failure to Raise A Claim on Appeal*

To be entitled to post-conviction relief based on ineffective assistance of appellate counsel, the movant must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The movant must first establish appellate counsel's performance was deficient. *Meiners*, 540 S.W.3d at 836 (citing *Strickland*, 466 U.S. at 687). A movant must also demonstrate the deficient performance resulted in prejudice to his defense. *Id*. (citing *Strickland*, 466 U.S. at 687). A movant must satisfy both prongs of the *Strickland* test. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). If the movant fails to satisfy either prong, an appellate court need not consider the other. *Id.*

Performance

To show deficient performance, a movant must show counsel "failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation." *Meiners*, 540 S.W.3d at 836 (quoting *McIntosh v. State*, 413 S.W.3d 320, 324 (Mo. banc 2013)). We analyze the decisions of appellate counsel in essentially the same way as trial counsel. *Murray v. State*, 511 S.W.3d 442, 445-46 (Mo. App. E.D. 2017) (citing *Helmig v. State*, 42 S.W.3d 658, 682 (Mo. App. E.D. 2001)). There is a strong presumption counsel's conduct was reasonable and effective. *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013).

"[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Zink*, 278 S.W.3d at 176 (internal citations omitted) (quoting *Strickland*, 466 U.S. at 690). "Reasonable choices of trial strategy, no matter

how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). On appeal as well as at trial, the choice of one reasonable strategy over another is not ineffective assistance. *Zink*, 278 S.W.3d at 176 (citing *Worthington*, 166 S.W.3d at 573).

For a failure to raise a claim on appeal, a movant must show a claim of error is "so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Murray*, 511 S.W.3d at 446 (citing *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994)). An appellate attorney does not have to raise every preserved issue. *Meiners*, 540 S.W.3d at 838 (citing *Storey v. State*, 175 S.W.3d 116, 148 (Mo. banc 2005)). Appellate counsel can strategically decide to "winnow out" non-frivolous arguments in favor of other reasonable arguments. *Murray*, 511 S.W.3d at 446 (citing *Mallett v. State*, 769 S.W.2d 77, 84-85 (Mo. banc 1989) (internal citations omitted)). In evaluating counsel's performance, we must "eliminate the distorting effects of hindsight ... [and] evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Prejudice

To show prejudice, a movant must show a reasonable probability exists, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Murray*, 511 S.W.3d at 446 (quoting *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Deck*, 68 S.W.3d at 426.

*Analysis*[3]

Movant argues the motion court's findings and conclusions were clearly erroneous because Appellate Counsel's failure to assert the DWITS claim was unreasonable. Movant argues Appellate Counsel should have asserted the DWITS claim because the claim of error was obvious based on common law evidentiary rules for foundation and authentication. Movant also argues the standard of review would have been favorable and the DWITS claim was properly preserved by trial counsel, so Appellate Counsel should have been aware of it. Movant argues his sentence would have been reduced had Appellant Counsel asserted the DWITS claim. Movant argues Appellate Counsel erroneously substituted his own judgment for the judgment of the appellate court at the time.

The State responds Appellate Counsel's decision not to assert the DWITS claim on direct appeal was reasonable. The State claims the interpretation of Section 577.023.16 at the time of the appeal was not so obvious any reasonably competent attorney would have asserted the DWITS claim. The State argues the common law rule could have been eliminated by Section 577.023.16 and, based on Appellate Counsel's testimony at the evidentiary hearing, Appellate Counsel's interpretation of the statute was reasonable.

Movant has failed to show Appellate Counsel's decision to forgo the DWITS claim on appeal was deficient performance. The burden Movant must meet is to show the claim was "so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Murray*, 511 S.W.3d at 446. We presume a decision was reasonable strategy of an

---

[3] The State argues Movant's brief raises issues not plead in his amended motion which limits us to plain error review of Movant's claims on appeal. We disagree. Movant specifically argued in the amended motion the DWITS records could have been authenticated as business records but were not. Movant now argues the DWITS records could have been authenticated in other ways. Movant's claim preserved for appeal was the records were not authenticated and there was no foundation. The specific ways the State could have authenticated the DWITS records are irrelevant to our analysis. Movant's point relied on is substantially similar to the claim in Paragraph 8(a) supported by Paragraph 9(a) in the amended Rule 29.15 motion.

attorney. *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013). The motion court found Appellate Counsel decided, after review of the law and the trial record, to forgo the DWITS claim. Movant has failed to show the motion court should have found Appellate Counsel's decision to forgo this claim was deficient. The motion court's findings were not clearly erroneous.

Movant argues the basis for the DWITS claim was the well-established and rudimentary common law requirement to authenticate documents. We disagree. Although foundation customarily must be raised to authenticate documentary evidence, statutes can eliminate this requirement. *Hadlock v. Director of Revenue*, 660 S.W2d 335, 337 (Mo. banc 1993). The Supreme Court of Missouri found statutes can "eliminate the inconvenience and expense of live but generally uncontested foundation testimony." *Id*. Movant concedes this is a case of both statutory interpretation and common law evidentiary issues, but Movant does not properly characterize the possible confusion based on the language of Section 577.023.16.

The effective version of Section 577.023.16 read:

> ***Evidence of a prior conviction, plea of guilty, or finding of guilt*** in an intoxication-related traffic offense shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury, and ***shall include*** but not be limited to ***evidence*** received by a search ***of the records of the Missouri uniform law enforcement system, including*** criminal history records from the central repository ***or records from*** the driving while intoxicated tracking system ***(DWITS)*** maintained by the Missouri state highway patrol, ***or the <u>certified driving record</u> maintained by the Missouri department of revenue.*** After hearing the evidence, the court shall enter its findings thereon.

Section 577.023.16 (2012) (emphasis added).[4]

At the time of the direct appeal, no appellate court had addressed the meaning of Section 557.023.16. Because driving records must be certified but DWITS and other records from the

---

[4] A statutory amendment adding the "DWITS" language and the "certified driving record" language to Section 577.023.16 became effective on August 28, 2010.

Missouri uniform law enforcement system had no certification requirement, the State, Movant's trial court, and Appellate Counsel all believed the language eliminated the need to authenticate or lay foundation for DWITS records. Appellate Counsel testified his belief was based on his reading of the statute and review of the trial record. The circuit court also mentioned it had accepted DWITS records without authentication under Section 577.023.16 in previous cases. Based on the record and the state of the law at the time of Movant's direct appeal, the motion court found Appellate Counsel's reading of the statute was reasonable. This conclusion was not clearly erroneous.

Movant was required to show any reasonably competent attorney would have asserted the claim of error on appeal. *Meiners*, 540 S.W.3d at 840-41. The motion court found Appellate Counsel thoroughly investigated the record and reviewed the law relevant to the DWITS claim. Appellate Counsel decided not to assert the DWITS claim based on a reasonable reading of the statute. Such a decision by Appellate Counsel is virtually unchallengeable given the evidence of his review and consideration of the relevant records and the law in this case. *Zink*, 278 S.W.3d at 176 (internal citations omitted) (quoting *Strickland*, 466 U.S. at 690). Based on Appellate Counsel's reasonable explanation of his interpretation of the statute, the DWITS claim was not so obvious and clear as to suggest a reasonably competent attorney would have asserted it. *See Murray*, 511 S.W.3d at 446 (internal citations omitted).

After Movant's direct appeal and the filing of his amended Rule 29.15 motion but before the evidentiary hearing, the Western District decided *State v. Pylypczuk*, 527 S.W.3d 96 (Mo. App. W.D. 2017). *Pylypczuk* was a case of first impression before the Appellate Courts of Missouri interpreting Section 577.023.16. *See generally Pylypczuk*, 527 S.W.3d 96. Like in this case, the State and the trial court in *Pylypczuk* believed the statutory language eliminated the

9

need to authenticate DWITS records. *Id*. at 99. The *Pylypczuk* Court ruled the statute did not eliminate the requirement to authenticate DWITS records at trial. *Id*. at 102. However, we must avoid hindsight in deciding if the actions of counsel were reasonable. *Strickland*, 466 U.S. at 689; *Anderson*, 196 S.W.3d at 33.

The motion court found Appellate Counsel's interpretation of Section 577.023.16 was reasonable. Movant has failed to show this findings was clearly erroneous. Appellate Counsel could not have been expected to predict the clarification under *Pylypczuk* when another reasonable interpretation existed. *Meiners*, 540 S.W.3d at 841 n.3.

Movant argues the DWITS claim was properly preserved by trial counsel. The motion court found the DWITS claim was preserved. Preservation, however, does not require an attorney to assert a claim on appeal. An appellate attorney does not have to "raise every appealable issue[.]"*Meiners*, 540 S.W.3d at 838 (citing *Storey*, 175 S.W.3d at 148). Therefore, Movant must show more than mere preservation. Movant must also show, at the time of the appeal, the DWITS claim was "so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Murray*, 511 S.W.3d at 446 (citing *Reuscher*, 887 S.W.2d at 591).

Movant argues the standard of review was favorable for the DWITS claim. The standard of review for a statutory interpretation claim is de novo. *Pylypczuk*, 527 S.W.3d at 99. However, we already found the motion court did not err in finding Appellate Counsel was reasonable in his reading of the statute. Based on Appellate Counsel's reading of the statute, a de novo review of the statute would not make the DWITS claim any more obvious as to require Appellate Counsel to have asserted it.

10

Movant argues Appellate Counsel should have asserted the DWITS claim because it would have resulted in a reduced sentence. After the *Pylypczuk* opinion, it is now clear the DWITS claim would likely have resulted in a reduced sentence. However, Appellate Counsel did not have the *Pylypczuk* opinion at his disposal and cannot be expected to predict the clarification in the law or the result. *Meiners*, 540 S.W.3d at 841 n.3. At the time, Appellate Counsel felt the DWITS claim would not have been successful and would, therefore, not have reduced the sentence. Although hindsight clarifies the DWITS claim may have been more effective, we cannot allow this knowledge to affect our view of Appellate Counsel's actions given the state of the law at the time of the appeal. *See Anderson*, 196 S.W.3d at 33.

Movant argues Appellate Counsel erred in substituting his judgment for the judgment of the court of appeals when deciding to omit the DWITS claim on direct appeal. We are troubled by this argument. If an attorney makes a strategic decision based on a thorough investigation of the law and the facts relevant to plausible opinions, then the decisions made are "virtually unchallengeable." *Zink*, 278 S.W.3d at 176 (internal citations omitted) (quoting *Strickland*, 466 U.S. at 690). Appellate Counsel, when deciding to assert a claim of error, is required to consider how an appellate court would apply the relevant facts and interpret the relevant law to the circumstances of the case. We find no merit to this portion of Movant's argument.

The use of judgment by Appellate Counsel is not the question before us. The question before us is whether a reasonably competent attorney could have made the strategic choice to omit the DWITS claim on direct appeal. *Meiners*, 540 S.W.3d at 836 (quoting *McIntosh*, 413 S.W.3d at 324). The motion court found this was a decision based on a reasonable interpretation of the statute by Appellate Counsel. Movant has failed to show the motion court was clearly erroneous in this finding.

11

When taken together, Movant's arguments do not show the DWITS claim at the time of Movant's direct appeal was so obvious a reasonably competent attorney would have asserted it on appeal. *Id*. Based on the record before us, we find the motion court did not err in finding Appellate Counsel's performance was effective on appeal.

A movant must show counsel failed both prongs of the *Strickland* test, and if he fails to satisfy either prong, we need not consider the other. *Simmons*, 955 S.W.2d at 746. Because Movant failed to show deficient performance, we need not consider whether Appellate Counsel's decision caused prejudice in this case.

Conclusion

Because Movant failed to show Appellate Counsel's performance was deficient given the state of the law at the time of Movant's direct appeal, we affirm the motion court's denial of Movant's amended Rule 29.15 motion.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.